# United States District Court

## FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

## VENUE: SAN FRANCISCO



UNITED STATES OF AMERICA,

V.

# CR 14 139 SI

## BIJAN MADJLESSI, DAVID LONICH,
## SEAN CUTTING, and BRIAN MELLAND

DEFENDANT(S).

# INDICTMENT

**VIOLATIONS:**
18 U.S.C. § 1349- Bank/Wire Fraud Conspiracy; 18 U.S.C. § 1343- Wire Fraud;
18 U.S.C. § 1344- Bank Fraud; 18 U.S.C. §371- Conspiracy to Make False
Statements to Bank; 18 U.S.C. § 1956(h)- Money Laundering Conspiracy;
18 U.S.C. § 1957- Money Laundering; 18 U.S.C. § 371- Conspiracy to Misapply
Bank Funds; 18 U.S.C. § 1005- False Bank Entries; 18 U.S.C. § 1512(c)- Attempted
Obstruction of Justice; 18 U.S.C. § 2- Aid, Abet, and Cause;
18 U.S.C. § § 982(a)(1), 982(a)(2)(A)- Forfeiture Allegations

A true bill.

_____
_____ Foreman

Filed in open court this ___18___ day of

_Mar 2014_

_____
_____ Clerk

Bail, $ __no bail__

## Nathanael Cousins
## United States Magistrate Judge

*arrest warrants as to all 4 defendants*

*[-m11]*

AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT
☐ SUPERSEDING

─── OFFENSE CHARGED ───

See attachment

☐ Petty
☐ Minor
☐ Misde-
meanor
☒ Felony

PENALTY:

See attachment

Name of District Court, and/or Judge/Magistrate Location
**NORTHERN DISTRICT OF CALIFORNIA**
SAN FRANCISCO DIVISION

*FILED*

*RICHARD W. WIEKING*
*CLERK, U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*

*MAR 1 8 2014*

─── DEFENDANT - U.S ───

▶ BIJAN MADJLESSI

DISTRICT COURT NUMBER

CR 14 139

─── PROCEEDING ───

Name of Complaintant Agency, or Person (& Title, if any)

SIGTARP, FDIC-OIG, and FHFA-OIG

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW
DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE
CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person
Furnishing Information on this form    MELINDA HAAG

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)    Robert D. Rees

─── DEFENDANT ───

IS NOT IN CUSTODY
1) ☒ Has not been arrested, pending outcome this proceeding.
If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

IS IN CUSTODY
4) ☐ On this charge

5) ☐ On another conviction
☐ Federal  ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes  If "Yes"
been filed?  ☐ No    give date filed

DATE OF     Month/Day/Year
ARREST   ▶

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED   Month/Day/Year
TO U.S. CUSTODY   ▶

☐ This report amends AO 257 previously submitted

─── ADDITIONAL INFORMATION OR COMMENTS ───

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT    Bail Amount: _____

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

Defendant Address:

Comments: PLEASE FILE UNDER SEAL

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____    Before Judge: _____

**PENALTY SHEET ATTACHMENT (Charges and Maximum Penalties by Defendant)**
**BIJAN MADJLESSI (28 Counts)**

COUNT 1: Wire/Bank Fraud Conspiracy—18 U.S.C. § 1349
          30 Years Imprisonment
          5 Years Supervised Release
          $1,000,000 Fine

COUNT 2: Bank Fraud—18 U.S.C. § 1344
          30 Years Imprisonment
          5 Years Supervised Release
          $1,000,000 Fine

COUNTS 3-8: Wire Fraud Affecting Financial Institution—18 U.S.C. § 1343
          30 Years Imprisonment
          5 Years Supervised Release
          $1,000,000 Fine

COUNT 9: False Statements to Bank Conspiracy—18 U.S.C. § 371
          5 Years Imprisonment
          3 Years Supervised Release
          $250,000 Fine

COUNT 10: Money Laundering Conspiracy—18 U.S.C. § 1956(h)
          10 Years Imprisonment
          3 Years Supervised Release
          $250,000 or twice the derived property Fine

COUNTS 11-22: Money Laundering—18 U.S.C. § 1957
          10 Years Imprisonment
          3 Years Supervised Release
          $250,000 or twice the derived property Fine

COUNTS 24-28: False Bank Entries—18 U.S.C. § 1005
          30 Years Imprisonment
          5 Years Supervised Release
          $1,000,000 Fine

COUNT 29: Attempted Obstruction of Justice—18 U.S.C. § 1512(c)
          20 Years Imprisonment
          3 Years Supervised Release
          $250,000 Fine

As to all Counts:      $100 Special Assessment
                      Potential Immigration and Deportation Consequences

---

**• DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT**

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT

☐ SUPERSEDING

--- **OFFENSE CHARGED** ---

See attachment

☐ Petty
☐ Minor
☐ Misde-
   meanor
☒ Felony

PENALTY:

See attachm̶

--- Name of District Court, and/or Judge/Magistrate Location ---

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

*FILED*

*RICHARD W. WIEKING*
*CLERK, U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*

MAR 18 2014

--- **DEFENDANT - U.S** ---

DAVID LONICH

DISTRICT COURT NUMBER

**CR  14    139**

--- **DEFENDANT** ---

**IS *NOT* IN CUSTODY**
   Has not been arrested, pending outcome this proceeding
1) ☒ If not detained give date any prior
   summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

--- **PROCEEDING** ---

Name of Complaintant Agency, or Person (& Title, if any)

SIGTARP, FDIC-OIG, and FHFA-OIG

☐ person is awaiting trial in another Federal or State Court,
   give name of court

☐ this person/proceeding is transferred from another district
   per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of
   charges previously dismissed
   which were dismissed on motion
   of:
   ☐ U.S. ATTORNEY   ☐ DEFENSE

SHOW
DOCKET NO.

☐ this prosecution relates to a
   pending case involving this same
   defendant

MAGISTRATE
CASE NO.

☐ prior proceedings or appearance(s)
   before U.S. Magistrate regarding this
   defendant were recorded under

Name and Office of Person
Furnishing Information on this form      MELINDA HAAG

☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)      Robert D. Rees

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction
6) ☐ Awaiting trial on other charges
   } ☐ Federal ☐ State

   If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes
been filed?   ☐ No

} If "Yes"
   give date
   filed

**DATE OF
ARREST**      Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED
TO U.S. CUSTODY**      Month/Day/Year

☐ This report amends AO 257 previously submitted

--- **ADDITIONAL INFORMATION OR COMMENTS** ---

PROCESS:
☐ SUMMONS   ☐ NO PROCESS*   ☒ WARRANT      Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or
warrant needed, since Magistrate has scheduled arraignment

Date/Time:                    Before Judge:

Comments: PLEASE FILE UNDER SEAL

**PENALTY SHEET ATTACHMENT (Charges and Maximum Penalties by Defendant)**
**DAVID LONICH (28 Counts)**

COUNT 1:  Wire/Bank Fraud Conspiracy—18 U.S.C. § 1349
          30 Years Imprisonment
          5 Years Supervised Release
          $1,000,000 Fine

COUNT 2:  Bank Fraud—18 U.S.C. § 1344
          30 Years Imprisonment
          5 Years Supervised Release
          $1,000,000 Fine

COUNTS 3-8:  Wire Fraud Affecting Financial Institution—18 U.S.C. § 1343
          30 Years Imprisonment
          5 Years Supervised Release
          $1,000,000 Fine

COUNT 9:  False Statements to Bank Conspiracy—18 U.S.C. § 371
          5 Years Imprisonment
          3 Years Supervised Release
          $250,000 Fine

COUNT 10:  Money Laundering Conspiracy—18 U.S.C. § 1956(h)
          10 Years Imprisonment
          3 Years Supervised Release
          $250,000 or twice the derived property Fine

COUNTS 11-22:  Money Laundering—18 U.S.C. § 1957
          10 Years Imprisonment
          3 Years Supervised Release
          $250,000 or twice the derived property Fine

COUNTS 24-28:  False Bank Entries—18 U.S.C. § 1005
          30 Years Imprisonment
          5 Years Supervised Release
          $1,000,000 Fine

COUNT 29:  Attempted Obstruction of Justice—18 U.S.C. § 1512(c)
          20 Years Imprisonment
          3 Years Supervised Release
          $250,000 Fine

As to all Counts:      $100 Special Assessment
                       Potential Immigration and Deportation Consequences

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT
                            ☐ SUPERSEDING

—— OFFENSE CHARGED ——

See attachment

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:

See attachment

**CR**

—— Name of District Court, and/or Judge/Magistrate Location ——

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

*FILED*

—— DEFENDANT - U.S ——

▶ SEAN CUTTING

*MAR 1 8 2014*

*RICHARD W. WIEKING*
*CLERK, U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*

DISTRICT COURT NUMBER

# 14 139

DEFENDANT ▶ *SI*

—— PROCEEDING ——

Name of Complaintant Agency, or Person (& Title, if any)

SIGTARP, FDIC-OIG, and FHFA-OIG

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
  ☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW
DOCKET NO. }

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE
CASE NO. }

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under }

Name and Office of Person
Furnishing Information on this form   MELINDA HAAG

☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)   Robert D. Rees

**IS *NOT* IN CUSTODY**
  Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction         } ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
   If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes   } If "Yes"
been filed?   ☐ No   } give date filed

**DATE OF ARREST**  ▶  Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY**  ▶  Month/Day/Year

☐ This report amends AO 257 previously submitted

—— ADDITIONAL INFORMATION OR COMMENTS ——

PROCESS:
☐ SUMMONS ☐ NO PROCESS* ☒ WARRANT   Bail Amount: _____

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Date/Time: _____   Before Judge: _____

Comments: PLEASE FILE UNDER SEAL

**PENALTY SHEET ATTACHMENT (Charges and Maximum Penalties by Defendant)**
**SEAN CUTTING (28 Counts)**

COUNT 1:  Wire/Bank Fraud Conspiracy—18 U.S.C. § 1349
          30 Years Imprisonment
          5 Years Supervised Release
          $1,000,000 Fine

COUNT 2:  Bank Fraud—18 U.S.C. § 1344
          30 Years Imprisonment
          5 Years Supervised Release
          $1,000,000 Fine

COUNTS 3-8:  Wire Fraud Affecting Financial Institution—18 U.S.C. § 1343
          30 Years Imprisonment
          5 Years Supervised Release
          $1,000,000 Fine

COUNT 9:  False Statements to Bank Conspiracy—18 U.S.C. § 371
          5 Years Imprisonment
          3 Years Supervised Release
          $250,000 Fine

COUNT 10:  Money Laundering Conspiracy—18 U.S.C. § 1956(h)
          10 Years Imprisonment
          3 Years Supervised Release
          $250,000 or twice the derived property Fine

COUNTS 11-22:  Money Laundering—18 U.S.C. § 1957
          10 Years Imprisonment
          3 Years Supervised Release
          $250,000 or twice the derived property Fine

COUNT 23:  Misapply Bank Funds Conspiracy—18 U.S.C. § 371
          5 Years Imprisonment
          3 Years Supervised Release
          $250,000 Fine

COUNTS 24-28:  False Bank Entries—18 U.S.C. § 1005
          30 Years Imprisonment
          5 Years Supervised Release
          $1,000,000 Fine

As to all Counts:          $100 Special Assessment
                           Potential Immigration and Deportation Consequences

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT
☐ SUPERSEDING

─── OFFENSE CHARGED ───

See attachment

☐ Petty
☐ Minor
☐ Misde-
    meanor
☒ Felony

PENALTY:

See attachment

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

FILED

MAR 1 8 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

─── DEFENDANT - U.S ───

▶ BRIAN MELLAND

DISTRICT COURT NUMBER

CR 14 139

─── PROCEEDING ───

Name of Complaintant Agency, or Person (& Title, if any)

SIGTARP, FDIC-OIG, and FHFA-OIG

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY   ☐ DEFENSE

SHOW
DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE
CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person
Furnishing Information on this form       MELINDA HAAG

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)       Robert D. Rees

─── DEFENDANT ───

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction         ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
     If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes         If "Yes"
been filed?  ☐ No          give date
                           filed

DATE OF       Month/Day/Year
ARREST

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED    Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

─── ADDITIONAL INFORMATION OR COMMENTS ───

PROCESS:
☐ SUMMONS   ☐ NO PROCESS*   ☒ WARRANT       Bail Amount:

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:                    Before Judge:

Comments: PLEASE FILE UNDER SEAL

**PENALTY SHEET ATTACHMENT (Charges and Maximum Penalties by Defendant)**
**<u>BRIAN MELLAND</u> (23 Counts)**

<u>COUNT 1</u>:  Wire/Bank Fraud Conspiracy—18 U.S.C. § 1349
　　　　　　30 Years Imprisonment
　　　　　　5 Years Supervised Release
　　　　　　$1,000,000 Fine

<u>COUNT 2</u>:  Bank Fraud—18 U.S.C. § 1344
　　　　　　30 Years Imprisonment
　　　　　　5 Years Supervised Release
　　　　　　$1,000,000 Fine

<u>COUNTS 3-8</u>:  Wire Fraud Affecting Financial Institution—18 U.S.C. § 1343
　　　　　　30 Years Imprisonment
　　　　　　5 Years Supervised Release
　　　　　　$1,000,000 Fine

<u>COUNT 9</u>:  False Statements to Bank Conspiracy—18 U.S.C. § 371
　　　　　　5 Years Imprisonment
　　　　　　3 Years Supervised Release
　　　　　　$250,000 Fine

<u>COUNT 10</u>:  Money Laundering Conspiracy—18 U.S.C. § 1956(h)
　　　　　　10 Years Imprisonment
　　　　　　3 Years Supervised Release
　　　　　　$250,000 or twice the derived property Fine

<u>COUNTS 11-22</u>:  Money Laundering—18 U.S.C. § 1957
　　　　　　10 Years Imprisonment
　　　　　　3 Years Supervised Release
　　　　　　$250,000 or twice the derived property Fine

<u>COUNT 23</u>:  Misapply Bank Funds Conspiracy—18 U.S.C. § 371
　　　　　　5 Years Imprisonment
　　　　　　3 Years Supervised Release
　　　　　　$250,000 Fine

<u>As to all Counts</u>:　　　$100 Special Assessment
　　　　　　　　　　Potential Immigration and Deportation Consequence

1  MELINDA HAAG (CABN 132612)
   United States Attorney
2

3

4

5

6

7      **CR  14      139**

8                UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10                  SAN FRANCISCO DIVISION

11

UNITED STATES OF AMERICA,                  )   CASE NO.
12                                          )
        Plaintiff,                          )   VIOLATIONS:  18 U.S.C. § 1349—Bank/Wire
13                                          )   Fraud Conspiracy; 18 U.S.C. § 1343—Wire Fraud; 18
                                            )   U.S.C. § 1344—Bank Fraud; 18 U.S.C. § 371—
14    v.                                    )   Conspiracy to Make False Statements to Bank; 18
                                            )   U.S.C. § 1956(h)—Money Laundering Conspiracy;
15                                          )   18 U.S.C. § 1957—Money Laundering; 18 U.S.C.
                                            )   § 371—Conspiracy to Misapply Bank Funds; 18
16   BIJAN MADJLESSI,                       )   U.S.C. § 1005—False Bank Entries; 18 U.S.C.
     DAVID LONICH,                          )   § 1512(c)—Attempted Obstruction of Justice; 18
17   SEAN CUTTING, and                      )   U.S.C. § 2—Aid, Abet, and Cause; 18 U.S.C.
     BRIAN MELLAND,                         )   §§ 982(a)(1), 982(a)(2)(A)—Forfeiture Allegations
18                                          )
        Defendants.                         )   SAN FRANCISCO VENUE
19                                          )
   _____ )
20

21                        I N D I C T M E N T

22   The Grand Jury charges:

23                      Introductory Allegations

24       During all times relevant to this Indictment:

25       1.    Defendant BIJAN MADJLESSI was an individual who resided in and around Marin

26   County, California.  MADJLESSI operated real estate and construction businesses, including Masma

27   Construction.

28       2.    Defendant DAVID LONICH was an individual who resided in and around Sonoma

1  County, California. LONICH was an attorney who worked for MADJLESSI.

2      3.     Defendant SEAN CUTTING was an individual who resided in and around Sonoma
3  County, California. CUTTING worked in the banking industry.

4      4.     Defendant BRIAN MELLAND was an individual who resided in and around Sonoma
5  County, California. MELLAND worked in the banking industry.

6      5.     The Park Lane Villas ("PLV") real estate project was a mixed-use development in Santa
7  Rosa, California, with two phases, the West and the East.

8      6.     Sonoma Valley Bank was a bank based in Sonoma County, California, that failed in or
9  about August 2010. Until it failed, it was insured by the Federal Deposit Insurance Corporation
10 ("FDIC") and was a member of the Federal Home Loan Bank of San Francisco. Sonoma Valley Bank
11 received $8.65 million in funds from the Troubled Asset Relief Program ("TARP") and failed to pay all
12 of the required dividends on that investment. After Sonoma Valley Bank failed, it did not repay the
13 funds it had received from TARP. When it failed, Sonoma Valley Bank had multiple outstanding loans
14 to MADJLESSI and his associated entities, including a loan related to the PLV. CUTTING was
15 President and Chief Executive Officer of Sonoma Valley Bank until it failed. MELLAND was Senior
16 Vice President and Chief Loan Officer of Sonoma Valley Bank through in or about March 2010.

17                              The Scheme to Defraud

18     7.     From no later than approximately March 2009 until approximately September 2012, the
19 defendants devised and executed a material scheme to defraud Sonoma Valley Bank and others and to
20 obtain money from Sonoma Valley Bank and others by means of materially false and fraudulent
21 pretenses, representations, and promises and by omissions and concealment of material facts.
22 Specifically, the defendants worked to obtain a loan for an entity called 101 Houseco, LLC ("101
23 Houseco") falsely claiming that company was controlled by J.H., but knowing that J.H. was a straw and
24 that 101 Houseco was actually controlled by MADJLESSI and LONICH. The defendants used the
25 proceeds of the loan to purchase from the FDIC the rights to a prior loan on which MADJLESSI had
26 defaulted. This allowed MADJLESSI to gain ownership and control of PLV East, and ultimately to
27 refinance that property at a favorable interest rate through federal government lender Freddie Mac in
28 September 2012.

2

1

### Manner and Means of the Scheme to Defraud

2    8.    In or around April 2008, MADJLESSI defaulted on an IndyMac Bank loan of more than

3 $30,000,000 that he had personally guaranteed and had been used to fund construction of PLV East. In

4 May 2008, IndyMac bank filed a civil lawsuit seeking recovery of the loan proceeds. By July 2008,

5 IndyMac Bank had failed. The FDIC took over as Receiver of Institution, and decided to auction the

6 loan through a contractor, The Debt Exchange, also known as DebtX.

7    9.    Defendants MADJLESSI, LONICH, CUTTING, and MELLAND then conspired to have

8 MADJLESSI bid on and obtain this defaulted loan contrary to FDIC regulations and through a straw

9 borrower, J.H.

10    10.    As part of that effort, in March 2009, LONICH created an entity called 101 Houseco, and

11 installed J.H. as its nominal owner. In fact, J.H. was a straw who exercised no meaningful control of

12 101 Houseco; instead, MADJLESSI and LONICH exerted control of the company. In March 2009, J.H.

13 signed a document effectively assigning his ownership interest in 101 Houseco to MADJLESSI's

14 daughter at any time upon her signature.

15    11.    To fund the bid for the defaulted IndyMac loan, MADJLESSI approached Sonoma

16 Valley Bank executives CUTTING and MELLAND seeking a loan for 101 Houseco. Knowing that J.H.

17 was a straw, CUTTING and MELLAND took steps to authorize that loan, which was initially disbursed

18 to 101 Houseco in March 2009. Between March 2009 and November 2009, with CUTTING's and

19 MELLAND's assistance, the loan balance to 101 Houseco increased from an initial balance of less than

20 $5,500,000 to a final balance of almost $9,500,000. Of the final balance, more than $4,000,000 was

21 used to purchase MADJLESSI's defaulted IndyMac loan through DebtX and more than $4,500,000

22 went to Masma Construction, a company controlled by MADJLESSI.

23    12.    Through DebtX, 101 Houseco became the winning bidder of MADJLESSI's defaulted

24 IndyMac loan in or about March 2009. In or about January 2010, MADJLESSI and LONICH, utilizing

25 J.H., caused 101 Houseco to settle the pending civil suit relating to that loan with MADJLESSI,

26 foreclose on PLV East, and thereby obtain title to the project.

27    13.    In order to obtain Freddie Mac refinancing, between approximately 2009 and 2011,

28 MADJLESSI, LONICH, and CUTTING took steps to purchase PLV East units that had been sold as

3

1  residential condominiums prior to the start of this scheme and then transfer them to 101 Houseco so that
2  the residential portion of PLV East could be converted to an apartment complex. MADJLESSI and
3  LONICH helped accomplish these purchases by fraudulently utilizing straw purchasers and by obtaining
4  a loan from a New York-based firm for 101 Houseco fraudulently utilizing J.H. as a straw borrower.
5  CUTTING helped accomplish the purchases by issuing letters on Sonoma Valley Bank letterhead falsely
6  stating that potential buyers had sufficient funds available at Sonoma Valley Bank for purchase.

7        14.    In or about September 2012, MADJLESSI and LONICH obtained refinancing on the
8  PLV East from Freddie Mac.

9        15.    In furtherance of their scheme, the defendants made material misrepresentations, and
10  omitted and concealed material facts, including the following:

11              a.     MADJLESSI, LONICH, CUTTING, and MELLAND falsely claimed to Sonoma
12  Valley Bank that J.H. was the borrower behind 101 Houseco for a loan it sought, knowing that
13  MADJLESSI and LONICH were the true borrowers as the individuals in actual control of 101 Houseco;

14              b.     CUTTING and MELLAND recommended to Sonoma Valley Bank's loan
15  committee that it should make the loan to 101 Houseco without disclosing their knowledge that
16  approving the loan would likely violate the bank's legal lending limit to MADJLESSI and his related
17  entities;

18              c.     LONICH falsely claimed to a DebtX representative that J.H. was the bidder as
19  101 Houseco for MADJLESSI's defaulted IndyMac loan, knowing that MADJLESSI and LONICH
20  were the true bidders as the individuals in actual control of 101 Houseco;

21              d.     CUTTING, using Sonoma Valley Bank letterhead, falsely claimed in letters
22  intended for sellers of PLV East Condominiums that potential buyers had assets at Sonoma Valley Bank
23  that they did not, while MADJLESSI and LONICH falsely claimed that potential buyers were
24  individuals when in fact they were straws used by 101 Houseco to regain control of all PLV East units;

25              e.     MADJLESSI and LONICH falsely claimed to a New York-based firm that J.H.
26  was the borrower behind 101 Houseco for a loan it sought, knowing that MADJLESSI and LONICH
27  were the true borrowers as the individuals in actual control of 101 Houseco; and

28              f.     MADJLESSI and LONICH, while negotiating and obtaining refinancing for PLV

4

1   East, omitted the material fact 101 Houseco and this scheme were the subjects of a criminal

2   investigation and falsely claimed that MADJLESSI was unaffiliated with 101 Houseco.

3   COUNT ONE:  (18 U.S.C. § 1349 – Conspiracy to Commit Wire and Bank Fraud)

4      16.   Paragraphs 1 through 15 are realleged and incorporated herein by reference.

5      17.   Between in or about March 2009 and in or about September 2012, in the Northern

6   District of California and elsewhere, the defendants,

7                              BIJAN MADJLESSI,
                               DAVID LONICH,
8                              SEAN CUTTING, and
                               BRIAN MELLAND,
9

10   did knowingly conspire to:  (1) devise a material scheme and artifice to defraud, and to obtain money

11   and property from Sonoma Valley Bank, a financial institution, and others by means of materially false

12   and fraudulent pretenses, representations, and promises, and by omission and concealment of material

13   facts, and, for the purpose of executing such scheme and artifice, knowingly cause interstate wires; and

14   (2) execute and attempt to execute a material scheme and artifice to defraud, and to obtain money, funds,

15   credits, assets, securities, and other property owned by and under the custody and control of Sonoma

16   Valley Bank, a financial institution, by means of materially false and fraudulent pretenses,

17   representations, and promises, and by omission and concealment of material facts, in violation of 18

18   U.S.C. §§ 1343 and 1344, all in violation of Title 18, United States Code, Section 1349.

19   COUNT TWO:  (18 U.S.C. §§ 1344 & 2 – Bank Fraud)

20      18.   Paragraphs 1 through 15 are realleged and incorporated herein by reference.

21      19.   Between in or about March 2009 and in or about November 2009, in the Northern

22   District of California and elsewhere, the defendants,

23                              BIJAN MADJLESSI,
                               DAVID LONICH,
24                              SEAN CUTTING, and
                               BRIAN MELLAND,
25

26   did knowingly execute and attempt to execute a material scheme and artifice to defraud, and to obtain

27   money, funds, credits, assets, securities, and other property owned by and under the custody and control

28   of Sonoma Valley Bank, a financial institution, by means of materially false and fraudulent pretenses,

1  representations, and promises, and by omission and concealment of material facts, and did aid, abet,

2  counsel, command, induce, procure, and cause the same, in violation of Title 18, United States Code,

3  Sections 1344 and 2.

4  COUNTS THREE THROUGH EIGHT:  (18 U.S.C. §§ 1343 & 2 – Wire Fraud)

5      20.    Paragraphs 1 through 15 are realleged and incorporated herein by reference.

6      21.    Between in or about March 2009 and in or about September 2012, in the Northern

7  District of California and elsewhere, the defendants,

8                               BIJAN MADJLESSI,
                             DAVID LONICH,

9                             SEAN CUTTING, and
                             BRIAN MELLAND,

10

11  having devised and intended to devise a material scheme and artifice to defraud, and to obtain money

12  and property from Sonoma Valley Bank, a financial institution, and others by means of materially false

13  and fraudulent pretenses, representations, and promises, and by omission and concealment of material

14  facts, did, for the purpose of executing such scheme and artifice, knowingly cause the interstate wires

15  listed below, and did aid, abet, counsel, command, induce, procure, and cause the same, in violation of

16  Title 18, United States Code, Sections 1343 and 2:

| COUNT | DATE | DESCRIPTION OF WIRE |
|-------|------|---------------------|
| THREE | 3/12/2009 | Email from LONICH to K.D. of The Debt Exchange, Boston, Massachusetts, with an attached letter from the Law Office of David Lonich. |
| FOUR | 3/12/2009 | Email from LONICH to K.D. and cc'ing J.H. with an attached letter from the Law Office of David Lonich stating LONICH represents J.H. and concurs with every statement made by J.H. in the Purchaser Eligibility Certification to purchase FDIC's IndyMac Note. |
| FIVE | 3/12/2009 | Fax by J.H., from Florida to Massachusetts, to K.D. containing a Purchaser Eligibility Certification to bid on FDIC's IndyMac Note. |
| SIX | 3/23/2009 | Wire transfer of $320,021.19 from Sonoma Valley Bank, 101 Houseco account #1653555 to Citibank, N.A., Debt Exchange account #1255230144 for the purchase of FDIC's IndyMac Note. |
| SEVEN | 3/30/2009 | Wire transfer of $3,780,190.70 from Sonoma Valley Bank to Citibank, N.A. Debt Exchange account 1255230144 for the purchase of FDIC's IndyMac Note. |
| EIGHT | 10/18/2010 | Email from LONICH to Terra Capital Partners, New York, regarding 101 Houseco, the foreclosure, and payments made to Masma Construction. |

6

1 COUNT NINE: (18 U.S.C. § 371 – Conspiracy to Make False Statements to a Bank)

2     22.    Paragraphs 1 through 15 are realleged and incorporated herein by reference.

3     23.    Between in or about March 2009 and in or about November 2009, in the Northern

4 District of California and elsewhere, the defendants,

5                               BIJAN MADJLESSI,
                                  DAVID LONICH,
6                               SEAN CUTTING, and
                                BRIAN MELLAND,
7

8 did knowingly conspire to make knowingly false statements to Sonoma Valley Bank, which was then

9 insured by the FDIC, for the purpose of influencing the actions of that bank in any way, and did acts to

10 effectuate the purpose of that conspiracy as detailed in paragraphs 1 through 15, in violation of 18

11 U.S.C. § 1014, all in violation of Title 18, United States Code, Section 371.

12 COUNT TEN: (18 U.S.C. § 1956(h) – Conspiracy to Commit Money Laundering)

13     24.    Paragraphs 1 through 15 are realleged and incorporated herein by reference.

14     25.    Between in or about March 2009 and in or about November 2009, in the Northern

15 District of California and elsewhere, the defendants,

16                               BIJAN MADJLESSI,
                                  DAVID LONICH,
17                               SEAN CUTTING, and
                                BRIAN MELLAND,
18

19 did knowingly conspire to engage in monetary transactions in the United States involving criminally

20 derived property of a value greater than $10,000, and that was derived from the commission of specified

21 unlawful activity set forth in Counts Two Through Eight above, in violation of 18 U.S.C. § 1957, all in

22 violation of Title 18, United States Code, Section 1956(h).

23 COUNTS ELEVEN THROUGH TWENTY-TWO: (18 U.S.C. §§ 1957 & 2 – Money Laundering)

24     26.    Paragraphs 1 through 15 are realleged and incorporated herein by reference.

25     27.    On or about the dates set forth below, in the Northern District of California and

26 elsewhere, the defendants,

27                               BIJAN MADJLESSI,
                                  DAVID LONICH,
28                               SEAN CUTTING, and
                                BRIAN MELLAND,

7

1  did knowingly engage in the monetary transactions in the United States listed below, knowing each

2  involved criminally derived property of a value greater than $10,000, and that was derived from the

3  commission of the specified unlawful activity set forth in Counts Two Through Eight above, and did aid,

4  abet, counsel, command, induce, procure, and cause the same, in violation of Title 18, United States

5  Code, Sections 1957 and 2:

| **COUNT** | **DATE** | **TRANSACTION** |
|---|---|---|
| ELEVEN | 3/29/2009 | Check # 85835 in the amount of $100,000, drawn on Vineyard Bank account number 4159659 held in the name of House Construction and deposited into Bank of America account number 16916-03537, held in the name of Masma Construction |
| TWELVE | 4/2/2009 | Wire transfer in the amount of $355,000, drawn on Vineyard Bank account number 4159659 held in the name of House Construction and deposited into Bank of America account number 16916-03537, held in the name of Masma Construction. |
| THIRTEEN | 4/29/2009 | Wire transfer in the amount of $290,000, drawn on Vineyard Bank account number 4159659 held in the name of House Construction and deposited into Bank of America account number 16916-03537, held in the name of Masma Construction. |
| FOURTEEN | 5/8/2009 | Wire transfer in the amount of $1,194,000, drawn on Vineyard Bank account number 4159659 held in the name of House Construction and deposited into Bank of America account number 16916-03537, held in the name of Masma Construction. |
| FIFTEEN | 6/8/2009 | Wire transfer in the amount of $195,000, drawn on Vineyard Bank account number 4159659 held in the name of House Construction and deposited into Bank of America account number 16916-03537, held in the name of Masma Construction. |
| SIXTEEN | 7/8/2009 | Wire transfer in the amount of $63,047.56, drawn on Vineyard Bank account number 4159659 held in the name of House Construction and deposited into Bank of America account number 16916-03537, held in the name of Masma Construction. |
| SEVENTEEN | 9/10/2009 | Wire transfer in the amount of $175,000, drawn on Bank of America account number 11805-67210, held in the name of 101 Houseco and deposited into Bank of America account number 16916-03537, held in the name of Masma Construction. |
| EIGHTEEN | 9/15/2009 | Check # 1000 in the amount of $175,000, drawn on Bank of America account number 11805-67210, held in the name of 101 Houseco and deposited into Bank of America account number 16916-03537, held in the name of Masma Construction. |
| NINETEEN | 9/17/2009 | Teller deposit in the amount of $100,000, drawn on Bank of America account number 11805-67210, held in the name of 101 Houseco and deposited into Bank of America account number 16916-03537, held in the name of Masma Construction. |
| TWENTY | 10/27/2009 | Check # 1016 in the amount of $500,000, drawn on Bank of America account number 11805-67210, held in the name of 101 Houseco and deposited into Bank of America account number 16916-03537, held in the name of Masma Construction. |
| TWENTY-ONE | 10/30/2009 | Check # 1018 in the amount of $186,000, drawn on Bank of America account number 11805-67210, held in the name of 101 |

8

| | | | |
|---|---|---|---|
| | | | Houseco and deposited into Bank of America account number 16916-03537, held in the name of Masma Construction. |
| | TWENTY-TWO | 11/30/2009 | Check # 1030 in the amount of $69,500, drawn on Bank of America account number 11805-67210, held in the name of 101 Houseco and deposited into Bank of America account number 16916-03537, held in the name of Masma Construction. |

COUNT TWENTY-THREE: (18 U.S.C. § 371 – Conspiracy to Misapply Bank Funds)

28.     Paragraphs 1 through 15 are realleged and incorporated herein by reference.

29.     Between in or about March 2009 and in or about November 2009, in the Northern District of California and elsewhere, defendants

SEAN CUTTING, and
BRIAN MELLAND,

being officers, agents, and employees of Sonoma Valley Bank, which was then insured by the FDIC, did knowingly conspire to willfully, and with intent to injure and defraud that bank, misapply funds and credits in excess of $1,000 belonging to that bank and entrusted to its care, specifically, funds disbursed in a loan to 101 Houseco, in violation of 18 U.S.C. § 656, all in violation of Title 18, United States Code, Section 371.

COUNTS TWENTY-FOUR THROUGH TWENTY-EIGHT: (18 U.S.C. §§ 1005 & 2 – False Bank Entries)

30.     Paragraphs 1 through 15 are realleged and incorporated herein by reference.

31.     On or about the dates set forth below, in the Northern District of California and elsewhere, defendants

BIJAN MADJLESSI,
DAVID LONICH, and
SEAN CUTTING

did knowingly make and cause to be made the false entries described below in books, reports, and statements of Sonoma Valley Bank, which was then insured by the FDIC, intending to injure and defraud the bank, any other company, and any individual, and did aid, abet, counsel, command, induce, procure, and cause the same, in violation of Title 18, United States Code, Sections 1005 and 2:

//

//

9

| **COUNT** | **DATE** | **FALSE ENTRY** |
|---|---|---|
| TWENTY-FOUR | 10/28/2009 | Letter on Sonoma Valley Bank letterhead, signed by CUTTING, falsely stating that an individual then had at least $142,900 in assets at Sonoma Valley Bank |
| TWENTY-FIVE | 10/28/2009 | Letter on Sonoma Valley Bank letterhead, signed by CUTTING, falsely stating that an individual then had at least $164,700 in assets at Sonoma Valley Bank |
| TWENTY-SIX | 11/10/2009 | Letter on Sonoma Valley Bank letterhead, signed by CUTTING, falsely stating that an individual then had at least $164,700 in assets at Sonoma Valley Bank |
| TWENTY-SEVEN | 11/12/2009 | Letter on Sonoma Valley Bank letterhead, signed by CUTTING, falsely stating that an individual then had at least $172,000 in assets at Sonoma Valley Bank |
| TWENTY-EIGHT | 11/17/2009 | Letter on Sonoma Valley Bank letterhead, signed by CUTTING, falsely stating that James House then had at least $122,900 in assets at Sonoma Valley Bank |

COUNT TWENTY-NINE: (18 U.S.C. §§ 1512(c) & 2 – Attempted Obstruction of Justice)

32.     On or about May 26-27, 2011, in the Northern District of California and elsewhere, defendants

BIJAN MADJLESSI and
DAVID LONICH

did knowingly and corruptly attempt and intend to obstruct, influence, and impede an official proceeding, namely, a federal criminal grand jury investigation in the Northern District of California, and took a substantial step toward committing that crime by, among other things, instructing J.H. to claim falsely to federal agents and a grand jury that J.H. was the true owner of 101 Houseco and that J.H. had made money as its true owner, and did aid, abet, counsel, command, induce, procure, and cause the same, in violation of Title 18, United States Code, Sections 1512(c) and 2.

FORFEITURE ALLEGATIONS: (18 U.S.C. §§ 982(a)(1) & 982(a)(2)(A))

33.     The factual allegations contained in paragraphs 1 through 15 are realleged and incorporated herein by reference for the purpose of alleging forfeiture.

34.     Upon a conviction of any of the offenses alleged in Counts One through Eight, the defendants,

10

1

BIJAN MADJLESSI,
DAVID LONICH,
SEAN CUTTING, and
BRIAN MELLAND

2

3

4 shall, pursuant to Title 18, United States Code, Section 982(a)(2)(A), forfeit to the United States any

5 property constituting, or derived from, proceeds obtained directly or indirectly, resulting from the

6 violations alleged in Counts One through Eight, including but not limited to:

7           a.    a sum of money equal to the amount of proceeds obtained from said violations;

8           b.    3751 Sebastapol Road, Santa Rosa, California, APNS 035-920-001 through 035-

9 920-048, inclusive, 035-930-001 through 027, inclusive, and 035-940-001 through 026, inclusive and

10 035-950-001 through 013, inclusive and 035-880-008; and

11           c.    26 Sky Drive, Mill Valley, California.

12     35.    Upon a conviction of any of the offenses alleged in Counts Ten through Twenty-two, the

13 defendants,

14

BIJAN MADJLESSI,
DAVID LONICH,
SEAN CUTTING, and
BRIAN MELLAND

15

16

17 shall, pursuant to Title 18, United States Code, Section 982(a)(1), forfeit to the United States any

18 property, real or personal, involved in the violations alleged in Counts Ten through Twenty-two, and

19 property traceable thereto, including but not limited to:

20           a.    a sum of money equal to the amount of property involved in said violations;

21           b.    3751 Sebastapol Road, Santa Rosa, California, APNs 035-920-001 through 035-

22 920-048, inclusive, 035-930-001 through 027, inclusive, and 035-940-001 through 026, inclusive and

23 035-950-001 through 013, inclusive and 035-880-008; and

24           c.    26 Sky Drive, Mill Valley, California, APN 034-430-03.

25     36.    If, as a result of any act or omission of any of the defendants, any of said property

26 identified above:

27           a.    cannot be located upon the exercise of due diligence;

28           b.    has been transferred or sold to, or deposited with, a third party;

11

1          c.      has been placed beyond the jurisdiction of the Court;

2          d.      has been substantially diminished in value; or

3          e.      has been commingled with other property which cannot be divided without

4   difficulty;

5   the United States shall, pursuant to Title 21, United States Code, Section 853(p) (as incorporated in Title

6   18, United States Code, Section 982(b)), seek forfeiture of any other property of said defendants up to the

7   value of the forfeitable property described above.

8

9   DATED:                                                A TRUE BILL.

10      3-18-14

11                                                        _____
                                                         FOREPERSON

12

13  MELINDA HAAG
    United States Attorney
14

15  _____
    J. DOUGLAS WILSON
16  Chief, Criminal Division

17
    (Approved as to form: _____)
18                          AUSA Rees

19

20

21

22

23

24

25

26

27

28

12